Tucker, Respondent, vs. Skobis Brothers Company, Appellant.

*March 2—March 23, 1915.*

*Master and servant: Injury from unsafe staging: Negligence: Assumption of risk: Excessive damages.*

1. In an action for injuries sustained by a structural iron worker through the slipping of the planks which constituted an elevated staging upon which he was at work, it appearing that the stage was constructed under the direction of defendant's foreman and that plaintiff did not assist in putting it up, and the jury having found that the accident was caused by defendant's failure to perform its duty under sec. 1636—81, Stats. 1911, as to a safe working place, and that plaintiff did not assume the risk and was not guilty of contributory negligence, a judgment against defendant is affirmed.

2. An award of $2,500 for injury to a structural iron worker, covering his expenses, loss of time, pain and suffering, and permanently diminished earning capacity, is *held* not excessive.

Tucker v. Skobis Brothers Co. 160 Wis. 290.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action to recover compensation for a personal injury.

Plaintiff's claim was that, while in the employ of defendant working on a scaffold as he was directed to do, he was precipitated to the ground below by reason of the insecure nature of the structure, and injured.

Issue was joined on the allegations as to negligence of defendant and assumption of the risk and contributory negligence were claimed as defenses. The jury found in plaintiff's favor on all issues and assessed the damages at $2,500. Judgment was rendered accordingly.

Plaintiff was a member of a riveting crew, working on a steel structure. In order to do his work it was necessary to stand on a staging elevated a considerable distance from the ground. A secure scaffolding was ordinarily used, but, on the particular occasion and by direction of the foreman, two planks were placed so as to span from one truss to another, the distance between them being sixteen feet or more. After the staging was up it was suggested to the foreman that the plank might sag and he directed them to be tied, but gave no special directions as to the manner of doing it. He observed how it was done. The workmen put a rope around the planks and ran it diagonally to the truss above and fastened it thereto. Plaintiff did not aid in putting up the staging. Two of the crew to which he belonged did it, the foreman being near by all the time. Plaintiff was an experienced workman in riveting. The manner in which the staging was constructed could readily have been observed before he mounted it. When he went thereon the planks slipped by reason of the diagonal manner in which they were tied to prevent dangerous sagging. Injury to plaintiff was the result.

There was evidence establishing, or tending to establish, all the circumstances stated.

For the appellant there was a brief by *Doe, Ballhorn & Wilkie,* and oral argument by *H. M. Wilkie* and *J. B. Doe.*

For the respondent there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. W. B. Rubin* and *Mr. Newcomb.*

MARSHALL, J.    The question of whether defendant failed to perform the statutory duty as to a safe working place for respondent, and of whether he assumed the risk which caused his injury, are ruled in his favor by the logic of *Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179; *Kosidowski v. Milwaukee,* 152 Wis. 223, 139 N. W. 187; and similar cases.    The principle therein applied has been too firmly entrenched in our system to be removed otherwise than by legislative action.

The complaint that the recovery is excessive has received consideration.    The respondent incurred expenses to the amount of $115.    He was unable to work for some 140 days. That, at his working rate when injured would mean a loss of $630.    His care during the time, not charged up, would easily increase the compensable loss to some $900, leaving $1,600 for pain and suffering and permanently diminished earning capacity.    That such diminished capacity is considerable, the jury might well have found.    A structural iron worker commands rather large wages; somewhere around twice that for a common laborer.    To command the higher wages one must, necessarily, be perfect in body.    The nature of the work requires it.    A stiff leg and weakened ankle must be quite a handicap.    If anything substantial were allowed for pain and suffering, not over $1,000 would remain to compensate for diminished working capacity.    The man was thirty-two years old.    The injury as to reduced working power was apparent. The probable continuance of his life is measured by about thirty-three years.    The $1,000 suggested for diminished working power would be equivalent to an annuity for respondent of about $4.25 per month or about three per cent. of his

earning capacity at the date of the injury.    Thus it would seem that the jury cannot be well charged with having failed to assess the damages within the range of fair judgment.

   *By the Court.*—The judgment is affirmed.